John M. Daley, Esq. (SBN 065574)
**LAW OFFICES OF JOHN M. DALEY**
95 South Market Street, Suite 300
San Jose, CA 95113
Telephone: (408) 286-0200
Facsimile: (408) 995-3202
e-mail: jdaley@johnmdaley.com

Attorneys for Plaintiff Old Dominion Freight Line, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLD DOMINION FREIGHT LINE, INC., a Virginia corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JJ's MAE, INC., et al.<br><br>Defendants. | Case No. C 04-01781 SC<br><br>**STIPULATION FOR THE ENTRY OF AN ORDER (1) VACATING TRIAL DATE, (2) RETAINING JURISDICTION FOR 120 DAYS, AND (3) ENTERING DISMISSAL OF ACTION EXCEPT UPON NOTICE BY PLAINTIFF OF FILING OF BANKRUPTCY** |

Plaintiff Old Dominion Freight Line, Inc. ("Old Dominion") and Defendant JJ's Mae, Inc., on behalf of itself and the other J.J.'s Mae Defendants (collectively "J.J.'s Mae") hereby Stipulate and Agree as follows:

WHEREAS, This is an action for the recovery of freight charges owed to plaintiff Old Dominion Freight Line, Inc. (hereinafter "Old Dominion") by defendant JJ's Mae, Inc., several vendors of JJ's Mae, Inc. who were listed as "shippers" on various bills of lading, and other defendants. Plaintiff has dismissed all <u>other than</u> defendant JJ's Mae, Inc. and the JJ's Mae vendor defendants, in most cases because these other defendants paid the charges owed;

WHEREAS, Plaintiff Old Dominion and JJ's Mae, Inc., on its own behalf and on

behalf of the JJ's Mae vendor defendants,[1] entered into a Settlement Agreement (a copy of which is attached as Exhibit A) on March 18, 2005, which settlement was eventually reduced to writing and fully executed by the parties and their counsel as of May 4, 2005;

WHEREAS, The Settlement Agreement called for the payments in the total amount of $90,000.00 in nine monthly installments, payable as follows:

> 1. Within ten calendar days after execution of this Agreement by all parties and their counsel, JJ's Mae, Inc. shall pay the amount of $10,000.00 by company check made payable to "Old Dominion Freight Line, Inc.," and sent by overnight courier to Mr. Pat Barker, Manager, Legal Collections, Old Dominion Freight Line, Inc., 500 Old Dominion Way, Thomasville, NC 27360. Thereafter, on the same day of each month thereafter for the next eight months (or, if the due date falls on a Saturday, Sunday or holiday, on the next business day), JJ's Mae, Inc. shall pay an additional $10,000.00 by company check made payable and sent in the same manner as the first payment until total payments have been made in the amount of $90,000.00.

WHEREAS, the Settlement Agreement further provided that Old Dominion would release JJ's Mae, Inc. and the JJ's Mae, Inc. vendor defendants <u>only</u> upon payment of the full amount due under the Settlement Agreement:

> 2. In consideration of the mutual covenants herein contained, <u>and upon payment in full of the amounts described in paragraph 1</u>, Old Dominion, on its behalf and on behalf of its directors, officers, employees, shareholders, predecessors, successors, subsidiaries, assigns, agents, representatives and insurers, hereby acquits and forever discharges JJ's Mae, Inc. and the vendors and suppliers listed in Exhibit A, . . .

(underlining added);

WHEREAS, the Settlement Agreement further provided and stipulated that the actual amount due and owing to Old Dominion by JJ's Mae, Inc. is $106,284.13, plus interest, and that if JJ's Mae, Inc. did not pay the amount due under the Settlement Agreement in full, or if JJ's Mae, Inc. were to file a petition in bankruptcy, or if an involuntary petition were filed against it, within 90 days after

---

[1] Since defendant IDS Integrated Distribution Systems, Inc. was a vendor of defendant JJ's Mae, Inc., plaintiff is required by the terms of the Settlement Agreement to dismiss this defendant when and if the terms of the Settlement Agreement are satisfied. However, counsel for JJ's Mae, Inc. does not actually *represent* this defendant, apparently because IDS failed to appear in or respond to the Complaint.

clearance by the issuing bank of the final installment, the full amount owed would be listed as an undisputed debt in the bankruptcy action, as follows:

> 4. The parties acknowledge and agree that Old Dominion continues to assert that it is entitled to recover $106,284.13, plus interest, from the defendants and shippers who are to be released by this Agreement. The parties further agree that, in the event that JJ's Mae, Inc. files a petition in bankruptcy (or in the event that an involuntary petition in bankruptcy is filed against it) before payment in full of the amounts specified in paragraph 1, or within 90 days after clearance by the issuing bank of the final installment required to be made by this Agreement, (a) Old Dominion shall be entitled to assert a claim in the bankruptcy action for the full amount owed, i.e., in the amount of $109,962.16, plus interest, (b) this amount shall be listed in as an undisputed debt in any schedules filed with the bankruptcy court, and (c) neither the amount nor liability for the amount claimed shall be disputed or any objection asserted thereto.

WHEREAS, The Settlement Agreement provided further that this Court should retain jurisdiction to enforce the Settlement Agreement for until 120 days after the due date of the last payment, as follows:

> 6. The Court in the California action shall retain jurisdiction to enforce this Agreement for a period of 120 days after the date specified in paragraph 1 for the payment of the last of the nine installments specified, which the parties presently estimate will be end on about April 8, 2006. The parties shall execute a Stipulation to effectuate this paragraph in the form attached hereto as Exhibit B.

WHEREAS, the Settlement Agreement provided further that the prevailing party in any subsequent action to enforce the agreement would be entitled to attorneys' fees as follows:

> 9. In the event that any action is brought by any party to enforce this Agreement, the prevailing party in such later action shall be entitled to reasonable attorneys' fees and costs incurred in connection with such later action.

WHEREAS, pursuant to the agreement and at the request of the parties, the Court entered an order vacating all dates and retaining jurisdiction for the purpose of enforcing the parties' Settlement Agreement;

WHEREAS, on June 16, 2006, the Court set a Trial Date for this matter on January 9, 2007;

WHEREAS, on December 21, 2006, plaintiff Old Dominion finally received a check in payment of the last installment of the $90,000.00 due under the Settlement Agreement; and

1   WHEREAS, in accordance with the Settlement Agreement, the parties to this Stipulation and Order have agreed that the Trial Date should be vacated, but that the Court shall retain jurisdiction to enforce the Settlement Agreement for a period of 120 days after Old Dominion's receipt of the last installment payment;

NOW, THEREFORE, the parties agree as follows:

1. The Trial Date of January 9, 2007 may be vacated;

2. Upon payment by the issuing bank of the check received by Old Dominion on December 21, 2007, all sums due under the Settlement Agreement will have been paid, except for such additional sums as may be claimed in the event of a bankruptcy filing. Accordingly, the Court may enter an order retaining jurisdiction of this matter for a period of 120 days from December 21, 2006, to April 20, 2007, for the purpose of enforcing the Settlement Agreement or issuing other appropriate relief pursuant to paragraph 6 of the Settlement Agreement; and

3. Unless plaintiff files a notice with the Court informing it that JJ's Mae, Inc. has filed a petition in bankruptcy or non-payment of the final check prior to April 20, 2007, the Court may dismiss this action, with prejudice, on April 20, 2007.

Dated: January 4, 2007.   **LAW OFFICES OF JOHN M. DALEY**

By: _/s/ John M. Daley_
JOHN M. DALEY
Attorneys for Plaintiff Old Dominion Freight Line, Inc.

Dated: January 4, 2007.   **JANIN, MORGAN & BRENNER**

By: _/s/ David B. Tillotson_
DAVID B. TILLOTSON
Attorneys for Defendant J.J.'s Mae, Inc. and J.J.'s Mae Vendor Defendants

## ORDER

GOOD CAUSE APPEARING THEREFOR,

IT IS HEREBY ORDERED as follows:

1. The Trial Date of January 9, 2007 is vacated;

2. The Court shall retain jurisdiction of this matter for a period of 120 days from December 21, 2006, to April 20, 2007 for the purpose of enforcing the Settlement Agreement or issuing other appropriate relief; and

3. Unless plaintiff files a notice with the Court informing it that JJ's Mae, Inc. has filed a petition in bankruptcy or non-payment of the final check prior to April 20, 2007, this action shall be dismissed, with prejudice, on April 20, 2007.

JUDGE, UNITED STATES DISTRICT COURT



IT IS SO ORDERED
Judge Samuel Conti
1/10/07

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is entered into by and between Old Dominion Freight Line, Inc. (hereinafter "Old Dominion"), a Virginia corporation and JJs Mae, Inc., a California corporation, ABC Notions and Trimming, Inc., Advance Cutting Service, Inc., Century USA Corporation, dba "Century Narrow Fabrics," De Marco California Fab, Inc., Hi Line Trading, Inc., dba "Hi Line Trims," R Pac International Corp., Shore to Shore, in its own name and dba "STS Weaving, LLC," Textile Brokers, and Trans International.

## RECITALS

A. This lawsuit arises out of a dispute concerning liability for over $150,000 in unpaid freight charges owed to Old Dominion for shipments which were arranged by Great Northwest Transport, Inc. and its agents, Messrs. Michael Paradee and Sam Cabreros, during the period between approximately March 2003 and early September 2003.

B. Old Dominion contends that JJ's Mae, Inc. and certain of its vendors and suppliers, including but not limited to ABC Notions and Trimming, Inc., Advance Cutting Service, Inc., Century USA Corporation, dba "Century Narrow Fabrics," De Marco California Fab, Inc., Hi Line Trading, Inc., dba "Hi Line Trims," R Pac International Corp., Shore to Shore, in its own name and dba "STS Weaving, LLC," Textile Brokers, and Trans International, were liable for the unpaid freight charges the bills of lading which were prepared by Messrs. Paradee and Cabreros which are listed in attached Exhibit A.

C. Accordingly, in May 2004, Old Dominion filed a lawsuit against JJ's Mae, Inc., ABC Notions and Trimming, Inc., Advance Cutting Service, Inc., Century USA Corporation, dba "Century Narrow Fabrics," De Marco California Fab, Inc., Hi Line Trading, Inc., dba "Hi Line Trims," R Pac International Corp., Shore to Shore, in its own name and dba "STS Weaving, LLC," Textile Brokers, and Trans International and other defendants in the United States District Court for the Northern District of California entitled <u>Old Dominion Freight Line, Inc. v. JJ's Mae, Inc., et al.</u>, Case No. C 04-01781 FMS (hereinafter "the California action").

**EXHIBIT A**

D.  The parties to this Agreement now desire to settle and resolve all existing disputes between them arising out of the foregoing matters in order to avoid further cost and expense arising out of any claims for the freight charges described in attached Exhibit A or by Great Northwest Transport, Inc.

## TERMS OF AGREEMENT

In consideration of the mutual covenants herein contained, the parties agree as follows:

1.  Within ten calendar days after execution of this Agreement by all parties and their counsel, JJ's Mae, Inc. shall pay the amount of $10,000.00 by company check made payable to "Old Dominion Freight Line, Inc.," and sent by overnight courier to Mr. Pat Barker, Manager, Legal Collections, Old Dominion Freight Line, Inc., 500 Old Dominion Way, Thomasville, NC 27360. Thereafter, on the same day of each month thereafter for the next eight months (or, if the due date falls on a Saturday, Sunday or holiday, on the next business day), JJ's Mae, Inc. shall pay an additional $10,000.00 by company check made payable and sent in the same manner as the first payment until total payments have been made in the amount of $90,000.00.

2.  In consideration of the mutual covenants herein contained, and upon payment in full of the amounts described in paragraph 1, Old Dominion, on its behalf and on behalf of its directors, officers, employees, shareholders, predecessors, successors, subsidiaries, assigns, agents, representatives and insurers, hereby acquits and forever discharges JJ's Mae, Inc. and the vendors and suppliers listed in Exhibit A, including but not limited to ABC Notions and Trimming, Inc., Advance Cutting Service, Inc., Century USA Corporation, dba "Century Narrow Fabrics," De Marco California Fab, Inc., Hi Line Trading, Inc., dba "Hi Line Trims," R Pac International Corp., Shore to Shore, in its own name and dba "STS Weaving, LLC," Textile Brokers, and Trans International and their respective shareholders, predecessors, successors, subsidiaries, assigns, agents, representatives and insurers of and from any and all claims, contracts, tort actions, warranties, express or implied, concerning all actions, causes of action, rights, damages, costs, expenses,

compensation, consequential damages, loss of profits and any other thing whatsoever which it now has, known or unknown, on account of, related to, or in any way growing out of the claims asserted in the California action with respect to (1) the shipments described in attached Exhibit A and (2) any and all other shipments made by Great Northwest Transport, Inc. prior to the date of this Agreement.

3. In consideration of the mutual covenants herein contained, JJ's Mae, Inc., on behalf of itself and all shippers listed in Exhibit A, including but not limited to ABC Notions and Trimming, Inc., Advance Cutting Service, Inc., Century USA Corporation, dba "Century Narrow Fabrics," De Marco California Fab, Inc., Hi Line Trading, Inc., dba "Hi Line Trims," R Pac International Corp, Shore to Shore, in its own name and dba "STS Weaving, LLC," Textile Brokers, and Trans International, and on behalf of their shareholders, predecessors, successors, subsidiaries, assigns, agents, representatives and insurers, hereby acquit and forever discharge Old Dominion and its shareholders, predecessors, successors, subsidiaries, assigns, agents, representatives and insurers of and from any and all claims, contracts, tort actions, warranties, express or implied, concerning all actions, causes of action, rights, damages, costs, expenses, compensation, consequential damages, loss of profits and any other thing whatsoever which it now has, known or unknown, on account of, related to, or in any way growing out of the claims asserted in the California action with respect to the shipments described in paragraph 2 above and from the filing and prosecution of the California action.

4. The parties acknowledge and agree that Old Dominion continues to assert that it is entitled to recover $106,284.13, plus interest, from the defendants and shippers who are to be released by this Agreement. The parties further agree that, in the event that JJ's Mae, Inc. files a petition in bankruptcy (or in the event that an involuntary petition in bankruptcy is filed against it) before payment in full of the amounts specified in paragraph 1, or within 90 days after clearance by the issuing bank of the final installment required to be made by this Agreement, (a) Old Dominion shall be entitled to assert a claim in the bankruptcy action for the full amount owed, i.e., in the amount of $109,962.16, plus interest, (b) this amount shall be listed in as an undisputed debt in any

schedules filed with the bankruptcy court, and (c) neither the amount nor liability for the amount claimed shall be disputed or any objection asserted thereto.

5. If all of the amounts specified in paragraph 1 have been paid in full, and upon expiration of the 90th day after receipt of notice that the last installment has cleared the issuing bank, Old Dominion shall file a dismissal, with prejudice, as to defendants JJ's Mae, Inc., ABC Notions and Trimming, Inc., Advance Cutting Service, Inc., Century USA Corporation, dba "Century Narrow Fabrics," De Marco California Fab, Inc., Hi Line Trading, Inc., dba "Hi Line Trims," R Pac International Corp., Shore to Shore, in its own name and dba "STS Weaving, LLC," Textile Brokers, and Trans International in the California action.

6. The Court in the California action shall retain jurisdiction to enforce this Agreement for a period of 120 days after the date specified in paragraph 1 for the payment of the last of the nine installments specified, which the parties presently estimate will be end on about April 8, 2006. The parties shall execute a Stipulation to effectuate this paragraph in the form attached hereto as Exhibit B.

7. The parties understand and acknowledge that each of them is waiving claims that each may have as of the effective date of this Agreement but which claims may not now be known to one or more of them. The parties further understand and acknowledge that there is a risk that, as to such claims that are now known, the damages as are now known may become more serious than they now expect or anticipate. However, the parties acknowledge that this Agreement has been negotiated and agreed upon in light of that understanding, and that they hereby expressly waive all rights that may exist in their favor as a result of any such unsuspected claims which now exist, as well as any unsuspected damages which may result from the claims which now exist and are known. In doing so, each party hereto has had the benefit of counsel, has been advised of, understands and knowingly and specifically waives his, her or its rights under California Civil Code Section 1542, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the

release, which if known by him must have materially affected his settlement with the debtor.

8. Each party warrants that it has not, prior to the execution of this Agreement, assigned to any other person or entity any of the claims being settled, released and/or waived by the terms of this Agreement. JJ's Mae, Inc. further represents and warrants that it has the authority to agree to and execute this Agreement on behalf ABC Notions and Trimming, Inc., Advance Cutting Service, Inc., Century USA Corporation, dba "Century Narrow Fabrics," De Marco California Fab, Inc., Hi Line Trading, Inc., dba "Hi Line Trims," R Pac International Corp., Shore to Shore, in its own name and dba "STS Weaving, LLC," Textile Brokers, Trans International and all other entities shown as shippers in Exhibit A attached hereto. In the event that any of the persons identified in this paragraph or in Exhibit A or a person or entity not a party to this Agreement hereafter makes any claim against a party hereto, and asserts that such claim arises as a result of any assignment of the rights of any party hereto made prior to the effective date of this Settlement Agreement, then such party through whom that third party's claim is made agrees to hold harmless and indemnify each of the other parties to this Agreement against any and all losses, costs, expenses, attorneys' fees, obligations, or other liability arising out of or relating to that claim.

9. In the event that any action is brought by any party to enforce this Agreement, the prevailing party in such later action shall be entitled to reasonable attorneys' fees and costs incurred in connection with such later action.

10. This Agreement may not be altered, amended, modified or otherwise changed in any respect or particular, except by a writing duly executed by all parties to this Agreement or by their duly authorized representatives.

11. This Agreement is the product of negotiation and preparation by and among each party and their respective attorneys. Each party acknowledges and agrees that this Agreement shall not be deemed to have been prepared or drafted by one party or the other and shall be construed accordingly.

12. This Agreement shall be binding upon and inure to the benefit of the parties

hereto and their respective heirs, executors, administrators, trustors, trustees, beneficiaries, predecessors, successors, assigns, directors, shareholders, employees, representatives and insurers.

13. This Agreement constitutes the entire agreement among the parties, and supersedes entirely any previous letters of intent, secrecy agreements, other agreements, or representations and warranties between or among the parties with respect to the matters addressed herein. There are no representations, warranties, agreements, arrangements, oral or written, between the parties hereto relating to the subject matter of this Agreement which are not expressed herein.

14. This Agreement maybe executed in counterparts, each of which shall be considered an original and together with the other counterparts shall be considered one and the same instrument.

15. Each of the undersigned acknowledges and represents that it has carefully read the foregoing Agreement, knows the contents thereof, and signs or authorizes the signing of the same freely and without compulsion of any sort whatsoever.

16. It is understood and agreed that this is a compromised settlement of a disputed claim and that the furnishing of consideration pursuant to this Agreement shall not be deemed or construed at any time or for any purpose as an admission of liability by any party to this Agreement, except to the extent specified in paragraph 4 above.

IN WITNESS WHEREOF, the parties have executed this Agreement effective as of the 26th day of March, 2005.

**Old Dominion Freight Line, Inc.**, a Virginia Corporation

By _[signature]_

Its _MANAGER LEGAL COLLECTIONS_

          **JJ's Mae, Inc.**, a California corporation, on its own behalf and on behalf of ABC Notions and Trimming, Inc., Advance Cutting Service, Inc., Century USA Corporation, dba "Century Narrow Fabrics," De Marco California Fab, Inc., Hi Line Trading, Inc., dba "Hi Line Trims," R Pac International Corp., Shore to Shore, in its own name and dba "STS Weaving, LLC," Textile Brokers, and Trans International

By _____

Its _____

**APPROVED AS TO FORM AND CONTENT:**

Date: March ____, 2005.　　　　　**Law Offices of John M. Daley**

By: _/s/ John M. Daley_____
　　John M. Daley
Attorneys for Old Dominion Freight Line, Inc.

Date: March ____, 2005.　　　　　**Janin, Morgan and Brenner**

By _____
　　David B. Tillotson
Attorneys for Defendants JJ's Mae, Inc., ABC Notions and Trimming, Inc., Advance Cutting Service, Inc., Century USA Corporation, dba "Century Narrow Fabrics," De Marco California Fab, Inc., Hi Line Trading, Inc., dba "Hi Line Trims," R Pac International Corp., Shore to Shore, in its own name and dba 'STS Weaving, LLC," Textile Brokers, and Trans International

                    JJ's Mae, Inc., a California corporation, on its own behalf and on behalf of ABC Notions and Trimming, Inc., Advance Cutting Service, Inc., Century USA Corporation, dba "Century Narrow Fabrics," De Marco California Fab, Inc., Hi Line Trading, Inc., dba "Hi Line Trims," R Pac International Corp., Shore to Shore, in its own name and dba "STS Weaving, LLC," Textile Brokers, and Trans International

By _____

Its _____C.O.O._____

APPROVED AS TO FORM AND CONTENT:

Date: March ____, 2005.         Law Offices of John M. Daley

                              By: _____
                                  John M. Daley
                              Attorneys for Old Dominion Freight Line, Inc.

Date: March ____, 2005.         Janin, Morgan and Brenner

                              By _____
                                David B. Tillotson
                              Attorneys for Defendants JJ's Mae, Inc., ABC Notions and Trimming, Inc., Advance Cutting Service, Inc., Century USA Corporation, dba "Century Narrow Fabrics," De Marco California Fab, Inc., Hi Line Trading, Inc., dba "Hi Line Trims," R Pac International Corp., Shore to Shore, in its own name and dba "STS Weaving, LLC," Textile Brokers, and Trans International

# ADDENDUM TO SETTLEMENT AGREEMENT
# AND MUTUAL RELEASE

This Addendum to Settlement Agreement and Mutual Release ("Agreement") is entered into by and between Old Dominion Freight Line, Inc. (hereinafter "Old Dominion"), a Virginia corporation and JJs Mae, Inc. ("JJ's Mae"), a California corporation, ABC Notions and Trimming, Inc., Advance Cutting Service, Inc., Century USA Corporation, dba "Century Narrow Fabrics," De Marco California Fab, Inc., Hi Line Trading, Inc., dba "Hi Line Trims," R Pac International Corp., Shore to Shore, in its own name and dba "STS Weaving, LLC," Textile Brokers, and Trans International (hereinafter referred to collectively as the "JJ's Mae Vendor defendants").

## RECITALS

A.  In May 2004, Old Dominion filed a lawsuit against JJ's Mae, Inc., ABC Notions and Trimming, Inc.,Advance Cutting Service, Inc., Century USA Corporation, dba "Century Narrow Fabrics," De Marco California Fab, Inc., Hi Line Trading, Inc., dba "Hi Line Trims," R Pac International Corp., Shore to Shore, in its own name and dba "STS Weaving, LLC," Textile Brokers, and Trans International and other defendants in the United States District Court for the Northern District of California which is presently entitled <u>Old Dominion Freight Line, Inc. v. JJ's Mae, Inc., et al.</u>, Case No. C 04-01781 SC (hereinafter "the California action").

B.  By agreement of the parties and pursuant to an Order of the Court, Old Dominion, JJ's Mae and the JJ's Mae vendor defendants, entered into a Settlement Agreement participated in a full day Early Neutral Evaluation (ENE) session before Jess Millikan, Esq. At the conclusion of the ENE session, the parties entered into a settlement agreement, the terms of which were recorded by the Evaluator, and which was later reduced to writing and fully executed by the parties and their counsel as of May 4, 2005. A true and correct copy of the Settlement Agreement and Mutual Release ("Settlement Agreement") entered into by the parties is attached hereto as Exhibit A.

C.  The Settlement Agreement called for the payments in the total amount of

$90,000.00 in nine monthly installments, payable as follows:

> 1. Within ten calendar days after execution of this Agreement by all parties and their counsel, JJ's Mae, Inc. shall pay the amount of $10,000.00 by company check made payable to "Old Dominion Freight Line, Inc.," and sent by overnight courier to Mr. Pat Barker, Manager, Legal Collections, Old Dominion Freight Line, Inc., 500 Old Dominion Way, Thomasville, NC 27360. Thereafter, on the same day of each month thereafter for the next eight months (or, if the due date falls on a Saturday, Sunday or holiday, on the next business day), JJ's Mae, Inc. shall pay an additional $10,000.00 by company check made payable and sent in the same manner as the first payment until total payments have been made in the amount of $90,000.00.

D. The Settlement Agreement further provides and stipulates that the actual amount due and owing to Old Dominion by JJ's Mae, Inc. is $106,284.13, plus interest, and that if JJ's Mae, Inc. did not pay the amount due under the Settlement Agreement in full, or if JJ's Mae, Inc. were to file a petition in bankruptcy, or if an involuntary petition were filed against it, within 90 days after clearance by the issuing bank of the final installment, the full amount owed would be listed as an undisputed debt in the bankruptcy action, as follows:

> 4. The parties acknowledge and agree that Old Dominion continues to assert that it is entitled to recover $106,284.13, plus interest, from the defendants and shippers who are to be released by this Agreement. The parties further agree that, in the event that JJ's Mae, Inc. files a petition in bankruptcy (or in the event that an involuntary petition in bankruptcy is filed against it) before payment in full of the amounts specified in paragraph 1, or within 90 days after clearance by the issuing bank of the final installment required to be made by this Agreement, (a) Old Dominion shall be entitled to assert a claim in the bankruptcy action for the full amount owed, i.e., in the amount of $109,962.16, plus interest, (b) this amount shall be listed in as an undisputed debt in any schedules filed with the bankruptcy court, and (c) neither the amount nor liability for the amount claimed shall be disputed or any objection asserted thereto.

E. The Settlement Agreement provided further that this Court should retain jurisdiction to enforce the Settlement Agreement for until 120 days after the due date of the last payment, as follows:

> 6. The Court in the California action shall retain jurisdiction to enforce this Agreement for a period of 120 days after the date specified in paragraph 1 for the payment of the last of the

**Addendum to Settlement Agreement and Mutual Release**   -2-

nine installments specified, which the parties presently estimate will be end on about April 8, 2006. The parties shall execute a Stipulation to effectuate this paragraph in the form attached hereto as Exhibit B.

F.  The Settlement Agreement provided further that the prevailing party in any subsequent action to enforce the agreement would be entitled to attorneys' fees as follows:

9.  In the event that any action is brought by any party to enforce this Agreement, the prevailing party in such later action shall be entitled to reasonable attorneys' fees and costs incurred in connection with such later action.

G.  Pursuant to the agreement and at the request of the parties, the Court entered an order vacating all dates and retaining jurisdiction for the purpose of enforcing the parties' Settlement Agreement. True and correct copies of the parties' request and the Court's Order entered in response thereto are attached as Exhibits B and C hereto.

H.  Plaintiff Old Dominion received a total of only $50,000.00 pursuant to the terms of the settlement Agreement, as follows:

| Check No. | Date | Amount |
|---|---|---|
| 77691 | 5/13/05 | $10,000.00 |
| 78038 | 6/14/05 | $10,000.00 |
| 78377 | 7/14/05 | $10,000.00 |
| 78694 | 8/15/05 | $10,000.00 |
| 78973 | 9/16/05 | $10,000.00 |

I.  JJ's Mae acknowledge that the original Settlement Agreement has been breached, but asserts that its breach was caused by financial difficulties. As of the date this Addendum is executed, the principal balance due under the Settlement Agreement, not including interest and attorneys' fees, is $40,000.00.

J.  By this Addendum, the parties intend to confirm the terms of the Settlement Agreement, but modify the Settlement Agreement to extend the time for payment of the settlement amount, agree to an extension of the time for the United States District Court to exercise jurisdiction over the extend the time for the Court to and resolve other issues which might otherwise arise if a the terms of the Settlement Agreement are breached in the future.

//

## TERMS OF AGREEMENT

In consideration of the mutual covenants herein contained, the parties agree as follows:

1. The Settlement Agreement shall remain in full force and effect, except as modified in this Addendum.

2. JJ's Mae will pay the $40,000 principal balance owed under the Settlement Agreement, plus interest on the past due payments calculated at the rate of seven percent per annum simple interest from the dates upon which the payments were due (i.e., October 13, 2005, November 14, 2005, December 13, 2005, and January 13, 2005) in installments of $7,000 per month, commencing on April 3, 2006 and continuing on the 3rd day of each month thereafter (or, if the due date falls on a Saturday, Sunday or holiday, on the next business day). The parties agree that the interest due on the principal balance as of April 3, 2006 is $972.64. Each payment shall be made by company check made payable to "Old Dominion Freight Line, Inc.," and sent by overnight courier to Mr. Pat Barker, Manager, Legal Collections, Old Dominion Freight Line, Inc., 500 Old Dominion Way, Thomasville, NC 27360. Old Dominion shall apply each payment first to interest, then to principal, until the balance owed is paid in full.

2. As security for performance of the obligations set forth in the Settlement Agreement and Addendum, JJ's Mae shall provide counsel for Old Dominion with a Stipulation for Judgment against JJ's Mae for the amounts described in the form attached hereto as Exhibit B. The Stipulation for Entry of Judgment shall be held by counsel for Old Dominion and shall not be filed for entry by the Court unless and until there has been a default in one or more of the obligations owed by JJ's Mae under the Settlement Agreement and this Addendum.

3. As additional security for performance of the obligations set forth in the Settlement Agreement and this Addendum, the JJ's Mae vendor defendants shall provide counsel for Old Dominion with a Stipulation for Judgment against them for the amounts described in the

form attached hereto as Exhibit C. The amounts due from each defendant in Stipulated Judgment attached hereto as Exhibit C shall be reduced, pro-rata basis, to the extent that the unpaid principal balance owed under the Settlement Agreement is less than $22,751.95. This Stipulation for Entry of Judgment shall be held by counsel for Old Dominion and shall not be filed for entry by the Court unless and until there has been a default in one or more of the obligations owed under the Settlement Agreement and this Addendum.

    4. Counsel for JJ's Mae and the JJ's Mae Vendor defendants shall prepare and file a Stipulation to Retain Jurisdiction to Enforce Settlement Agreement with the Court in the form attached hereto as Exhibit D immediately upon execution of this Addendum.

    IN WITNESS WHEREOF, the parties have executed this Agreement effective as of the 25th day of March, 2006.

**Old Dominion Freight Line, Inc.**, a Virginia Corporation

By_____

Its_____

**JJ's Mae, Inc.**, a California corporation, on its own behalf as authorized agent for ABC Notions and Trimming, Inc., Advance Cutting Service, Inc., Century USA Corporation, dba "Century Narrow Fabrics," De Marco California Fab, Inc., Hi Line Trading, Inc., dba "Hi Line Trims," R Pac International Corp., Shore to Shore, in its own name and dba "STS Weaving, LLC," Textile Brokers, and Trans International

By_____

Its _____

APPROVED AS TO FORM AND CONTENT:

Date: March ____, 2006.          **Law Offices of John M. Daley**

                                 By:_____
                                    John M. Daley
                                 Attorneys for Old Dominion Freight Line, Inc.

Date: March ____, 2006.          **Janin, Morgan and Brenner**

                                 By _____
                                    David B. Tillotson
                                 Attorneys for Defendants JJ's Mae, Inc., ABC
                                 Notions and Trimming, Inc., Advance Cutting
                                 Service, Inc., Century USA Corporation, dba
                                 "Century Narrow Fabrics," De Marco California
                                 Fab, Inc., Hi Line Trading, Inc., dba "Hi Line
                                 Trims," R Pac International Corp., Shore to Shore,
                                 in its own name and dba "STS Weaving, LLC,"
                                 Textile Brokers, and Trans International